842 P.2d 273

**Amanda Dance, Claimant,**

v.

**BINGHAM MEMORIAL HOSPITAL, Employer, and Idaho State Insurance Fund, Surety, Defendants–Respondents,**

and

**State of Idaho, INDUSTRIAL SPECIAL INDEMNITY FUND, Defendant–Appellant.**

No. 19493.

Supreme Court of Idaho,

Pocatello, September 1992 Term.

Nov. 18, 1992.

Review Denied Feb. 4, 1993.

Hopkins, French, Crockett, Springer & Hoopes, Idaho Falls, for appellant. Paul B. Rippel argued.

McDevitt, Meyers & Thomsen, Pocatello, for respondents. M. Jay Meyers argued.

BAKES, Chief Justice.

The Industrial Commission (Commission) found Amanda Dance (claimant) permanently and totally disabled under the odd-lot doctrine and apportioned liability for the claimant's benefits between the Industrial Special Indemnity Fund (ISIF) and Bingham Memorial Hospital (Hospital) and its surety the State Insurance Fund. ISIF appeals from the Commission's apportionment contending that the Commission erred in considering the claimant's pre-existing pain because the pain was derived from a psychological condition which is not a pre-existing permanent *physical* impairment under the I.C. § 72–332. The ISIF argues that the paid caused by the claimant's psyche should be treated as a personal circumstance and therefore a nonmedical factor, not as a pre-existing permanent physical impairment.

We affirm the Industrial Commission.

The claimant in this case had a lengthy medical history both preceding and following her industrial accident at the Bingham Memorial Hospital on March 25, 1985. At the time of her hearing before the Industrial Commission she had been diagnosed as suffering from the following conditions: degenerative arthritis of the lumbar spine; cervical and lumbar strain aggravating previous arthritic conditions; thoracic strain; degenerative changes of the lumbar spine, especially at L4–5; acute lumbosacral spine strain and possible myofascial syndrome with the claimant complaining of low-back pain radiating into her left leg; mild osteoporosis; and advanced degenerative disc disease.

The Commission found the claimant to be totally and permanently disabled and apportioned the responsibility for income benefits amounting to 15% of the whole person

to the employer-surety, and responsibility for the remainder of the benefits to ISIF.

ISIF moved for reconsideration arguing that the Commission's apportionment was incorrect because there was no physical manifestation of the claimant's pre-existing psychological impairment. The ISIF argued that the permanent physical impairment ratings of Dr. Mott, which was relied upon by the Commission, "contained a psychological component" which had not been previously diagnosed. The ISIF argued that I.C. § 72–332,[1] which determines the ISIF's liability, limits the commission's consideration of pre-accident impairments to "physical" impairments, and that psychological problems do not qualify. Therefore, the ISIF argued that the commission erred in accepting Dr. Mott's opinion that 85% of the claimant's impairment was from her preexisting condition because Dr. Mott testified that a majority of that impairment was psychologically caused, rather than physically caused.

The Commission denied the motion for reconsideration, stating that "the claimant's pain, failure to obtain relief after three operations, and poor ability to function in society with the degree of osteoporosis, and the spinal arthritis present in the claimant where all physical indications of her pre-existing psychological problems."

This Court addressed the question of whether pain can constitute a physical impairment in *Urry v. Walker and Fox Masonry Contractors*, 115 Idaho 750, 769 P.2d 1122 (1989):

> Pain can produce "functional ... loss" under I.C. § 72–422. Because it relates to functional loss, *pain is a medical factor to be considered in determining impairment itself.*

115 Idaho at 754–755, 769 P.2d at 1126–1127 (emphasis added).[2]

██ Under *Urry*, pain, whether physically or psychologically caused can produce a functional impairment, such as the Commission found in the present case. This Court has stated that:

> [T]he physical symptoms indirectly caused by psychological illness might come within the definition of physical impairment, pre-existing or otherwise. *See Bartel v. Simplot*, 106 Idaho 174, 677 P.2d 487 (1984);

*Hartley v. Miller–Stephan*, 107 Idaho 688, 690, 692 P.2d 332, 334 (1984); *Red Lion v. Industrial Special Indemnity Fund*, 122 Idaho 464, 467, 835 P.2d 1275, 1278 (1992).

██ Although the Court in *Hartley* did acknowledge that it felt compelled by the plain language of the statute [I.C. § 72–332] to conclude that a personality disorder

1. **72–332. Payment for second injuries from industrial special indemnity account.**—(1) if an employee who has a permanent physical impairment from any cause for origin, incurs a subsequent disability by an injury or occupational disease arising out of and in the course of his employment, and by reason of the combined effects of both the pre-existing impairment and the subsequent injury or occupational disease or by reason of the aggravation and acceleration of the pre-existing impairment suffers total and permanent disability, the employer and surety shall be liable for payment of compensation benefits only for the disability caused by the injury or occupational disease, including scheduled and unscheduled permanent disabilities, and the injured employee shall be compensated for the remainder of his income benefits out of the industrial special indemnity account.

(2) "Permanent physical impairment" is as defined in section 72–422, Idaho Code, provided, however, as used in this section such impairment must be a permanent condition, whether congenital or due to injury or disease, of such

seriousness as to constitute a hinderance or obstacle to obtaining employment or to obtaining re-employment if the claimant should become employed. This shall be interpreted subjectively as to the particular employee involved, however, the mere fact that the claimant is employed at the time of the subsequent injury shall not create a presumption that the pre-existing permanent physical impairment was not of such seriousness as to constitute such hinderance or obstacle to obtaining employment.

2. **72–422. Permanent impairment.**—"Permanent impairment" is any anatomic or functional abnormality or loss after maximal medical rehabilitation has been achieved and which abnormality or loss, medically, is considered stable or nonprogressive at the time of evaluation. Permanent impairment is a basic consideration in the evaluation of permanent disability, and is a contributing factor to, but not necessarily an indication of, the entire extent of permanent disability.

lacking any bodily symptoms could not serve as a pre-existing physical impairment, the Commission found in this case that the claimant *did* have bodily symptoms of pain which were evident and therefore there was evidence of a "permanent pre-existing physical impairment."

The record in this case demonstrates that the claimant suffered from pain due to the physical condition of her lower back as well as her psychological problems. The depositions of the physicians treating the claimant prior to her March 25, 1985, accident all make reference to pain and its impairment of the claimant's movements.

Dr. Mott in his opinion stated that the pain of the claimant was an actual part of her *physical impairment*. Accordingly the Commission did not err in its decision finding that 85% of the claimant's total impairment resulted from her pre-existing condition because there was evidence of an actual physical impairment which was both anatomical and psychologically caused.

We hold that the Commission did not err in its interpretation of I.C. § 72–332 as applied to the evidence in this case.

The order of the Industrial Commission is affirmed. Costs to respondent. No attorney fees allowed.

·BISTLINE, JOHNSON, McDEVITT and TROUT, JJ., concur.